IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON WILLIAM HARVEY, | ) | 8:15CV102 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| RANDY KOHL, STEVEN E. | ) | |
| RADEMACHER, and JULIE A. | ) | |
| PEW, | ) | |
| | ) | |
| Defendants. | ) | |

This case was filed by Plaintiff Jason William Harvey on March 20, 2015. The court conducted a pre-service screening of Harvey's Complaint (Filing No. 1) on July 6, 2015. The court ordered Harvey to file an amended complaint that stated a claim for relief against a defendant who was not immune from suit.

Harvey filed his Amended Complaint (Filing No. 10) on August 12, 2015. The court now conducts an initial review of the Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF AMENDED COMPLAINT

Liberally construed, Harvey asserts Eighth Amendment and medical-negligence claims against Defendants Randy Kohl, Steven Rademacher, and Julie Pew. Kohl is a medical director for the Nebraska Department of Correctional Services ("NDCS"), Rademacher is an "infectious disease specialist" for the NDCS, and Pew is a nurse for the NDCS. (Filing No. 10 at CM/ECF p. 1.)

Harvey alleged he entered the NDCS prison system on May 29, 2014. He spent his first 62 days of incarceration at the Diagnostic and Evaluation Center ("DEC"). After these 62 days, his custody was transferred to the Nebraska State Prison ("NSP"). (Filing No. 10 at CM/ECF p. 1.)

Harvey underwent a skin test at the DEC that revealed he had contracted "Inactive Tuberculosis." When he arrived at the NSP, he was evaluated by Rademacher. Rademacher determined Harvey also had Hepatitis C and Diabetes. (Filing No. 10 at CM/ECF p. 1.) Rademacher determined Harvey's Hepatitis C would have to be treated first so that his liver, which was in the stages of cirrhosis, could tolerate the medications needed to treat his other conditions. Rademacher recommended treating Harvey's Hepatitis C with a newly-approved drug called Harvoni. (Filing No. 10 at CM/ECF p. 2.)

Harvey's proposed treatment plan was submitted to Kohl for approval. Thereafter, Pew informed Harvey that the prison would not provide him with Harvoni because he had not been incarcerated for a period of at least one year. Harvey asked if the medication was being denied because of its cost, and Pew responded that cost was a factor. (Filing No. 10 at CM/ECF p. 2.)

Harvey alleges his health has deteriorated since his incarceration. His various diseases cause him extreme pain and he has begun to feel numbness in his left hand. Harvey believes his prison medical providers' failure to treat his Hepatitis C will result in further deterioration of his health. For relief, he seeks treatment of his Hepatitis C with the medication Harvoni, and also monetary damages. (Filing No. 10 at CM/ECF pp. 2-3.)

2

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

3

law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

Harvey seeks injunctive and monetary relief against the defendants in their individual and official capacities for violations of the Eighth Amendment and state law.  For the reasons that follow, the court finds that Harvey has stated plausible claims for relief against Kohl and Pew, but not against Rademacher.

To prevail on an Eighth Amendment claim, Harvey must prove that the defendants acted with deliberate indifference to his serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The deliberate indifference standard includes both an objective and a subjective component.  Harvey must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs.  *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct.  *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008).  A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment.  *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

Here, Harvey has alleged plausible claims for relief against Kohl and Pew. Harvey's allegations reflect Kohl and Pew are aware of Harvey's medical conditions

and they are aware of Rademacher's proposed treatment for Harvey's medical conditions. Despite this knowledge, they allegedly refused to provide the treatment recommended by Rademacher because Harvey has not been incarcerated long enough and the treatment is too expensive. If true, these allegations may constitute deliberate indifference to Harvey's serious medical needs. Accordingly, Harvey's claims against Kohl and Pew in their individual and official capacities may proceed to service of process. The court cautions Harvey that allowing his claims to proceed to service of process is not a determination of the merits of his claims or potential defenses to them.

Harvey's claims against Rademacher may not proceed to service of process. Harvey alleged Rademacher recommended the treatment Harvey now seeks to compel the prison to provide him. The court cannot discern from Harvey's allegations how Rademacher was deliberately indifferent to Harvey's medical needs.

IT IS THEREFORE ORDERED that:

1. Harvey's claims against Rademacher are dismissed.

2. The clerk of the court is directed to send to Harvey a copy of the Amended Complaint, a copy of this Memorandum and Order, and four summons forms and four USM 285 Forms for service on Kohl and Pew in their individual and official capacities. (See attached Notice Regarding Service.)

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Harvey is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

3. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Harvey. In making such a

request, Harvey must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on Kohl and Pew, together with a copy of the Amended Complaint.

    4.    The clerk of the court is directed to set the following pro se case management deadline: February 12, 2016, check for completion of service of process.

DATED this 19th day of October, 2015.

                BY THE COURT:

                *s/ John M. Gerrard*
                United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a state (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) Defendants individually; and also (2) the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.