IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON WILLIAM HARVEY, | ) |
| Plaintiff, | ) 8:15CV102 |
| V. | ) |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, NDCS, RANDY KOHL, Dr., Medical Director, and JULIE A. PEW, APRN, | ) **MEMORANDUM AND ORDER** |
| Defendants. | ) |

This matter is before the court on the Motion to Dismiss Randy Kohl, in his Official Capacity Only, and Julie Pew for Insufficient Service of Process. (Filing No. 19.) Plaintiff did not respond to the Motion to Dismiss. Having considered the matter, the motion will be granted.

## BACKGROUND

Liberally construed, Plaintiff asserts Eighth Amendment and medical-negligence claims against Defendants Randy Kohl ("Kohl") and Julie Pew ("Pew"). Kohl is the Medical Director for the Nebraska Department of Correctional Services ("NDCS"). Pew was formerly employed by NDCS. Her employment ended on August 14, 2015. (Filing No. 20-1.)

On October 19, 2015, the court ordered that Plaintiff's claims could proceed to service of process against Kohl and Pew in both their individual and official capacities. (Filing No. 12.) The court gave Plaintiff 120 days to complete service.

On May 10, 2016, Kohl filed, in his individual capacity only, an answer to

Plaintiff's Amended Complaint. (Filing No. 18.) Kohl then moved to dismiss the action against him in his official capacity pursuant to Federal Rule of Civil Procedure 12(b)(5) due to Plaintiff's failure to perfect service of process. Pew moved to dismiss the action against her in its entirety under Federal Rule of Civil Procedure 12(b)(5). (Filing No. 19.)

## DISCUSSION

A defendant may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) when a plaintiff fails to properly serve process. Fed. R. Civ. P. 12(b)(5). Under Federal Rule of Civil Procedure 4, service may be perfected by delivering a copy of the summons and complaint directly to the individual, leaving a copy of each at the person's dwelling with someone of suitable age who resides there, or by delivering a copy to an agent authorized by law to receive service. Fed. R. Civ. P. 4. A plaintiff may also use methods provided by state law. Under Nebraska law, service may be accomplished by certified mail. Neb. Rev. Stat. § 25-505.01.

A summons for Pew in her individual capacity was sent via certified mail to her at the Nebraska Department of Correctional Services, Folsom and West Prospector Place, Building #1. (Filing No. 20, Ex. 2.) The summons was received on or about April 22, 2016. (*Id*.) Pew was not employed by NDCS on that date. To the court's knowledge, a summons was not sent directly to Pew, left at her dwelling, or accepted by someone authorized to accept service on her behalf. Thus, it does not appear that Pew has been properly served in her individual capacity.

Likewise, it does not seem that either Pew or Kohl were properly sued in their official capacities. Summonses for Pew and Kohl in their official capacities were sent to the Nebraska Department of Correctional Services, Folsom and West Prospector Place, Building #1. (Filing No. 15.) Under Nebraska law, an employee of the state sued in an official capacity should be served by leaving the summons at the Office of the Attorney General. Neb. Rev. Stat. § 25-510.02. Because the summonses were

sent to the Nebraska Department of Correctional Services, service has not been perfected.

Plaintiff has not responded to the Motion to Dismiss and has not argued that the Marshal's method of employing service was incorrect. Therefore, the court will dismiss Plaintiff's claims against Pew in their entirety and dismiss the claims against Kohl in his official capacity.

IT IS ORDERED:

1. The Motion to Dismiss Randy Kohl, in His Official Capacity Only, and Julie Pew for Insufficient Service of Process (Filing No. 19) is granted.

2. This case may proceed as to Plaintiff's individual capacity claims against Randy Kohl. Plaintiff's claims against Randy Kohl in his official capacity are dismissed. Plaintiff's claims against Julie Pew are dismissed in their entirety.

3. A separate order governing progression of this case will be issued.

DATED this 17th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge