IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON WILLIAM HARVEY,<br><br>        Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, NDCS; and RANDY KOHL, Dr., Medical Director;<br><br>        Defendants. | 8:15CV102<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on its own motion. Upon initial review, the court determined that Plaintiff's Eighth Amendment and medical-negligence claims against Defendants Julie Pew ("Pew") and Randy Kohl ("Kohl") in their individual and official capacities could proceed to service of process. (Filing No. 12.) Defendants subsequently filed a Motion to Dismiss for Insufficient Service of Process on Kohl in his official capacity and on Pew in her individual and official capacities. (Filing No. 19.) The court granted Defendants' Motion to Dismiss. (Filing No. 26.) In doing so, the court found "Plaintiff has not responded to the Motion to Dismiss and has not argued that the Marshal's method of employing service was incorrect." (*Id.* at CM/ECF p. 3.) The court allowed Plaintiff's claims to proceed against Kohl in his individual capacity. (*Id.*) Kohl filed an Answer in his individual capacity. (Filing No. 18.)

      Plaintiff filed an appeal from the court's order granting Defendants' Motion to Dismiss. (Filing No. 31.) In his "Motion for Appeal" to the Eighth Circuit, Plaintiff stated that, as a prisoner, "he made every effort possible to serve all

parties involved correctly . . . ." (*Id.*)[1] The Eighth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Filing No. 39.) The mandate has issued. (Filing No. 40.)

Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

In light of the information learned from Plaintiff's appeal and the foregoing case law, the court reconsiders its previous order (Filing No. 26) and denies Defendants' Motion to Dismiss for Insufficient Service of Process on Kohl in his official capacity and on Pew in her individual and official capacities.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Eighth Amendment and medical-negligence claims against Defendant Julie Pew in her individual and official capacities and against Defendant Randy Kohl in his official capacity may proceed to service of process.

2. For service of process on Defendants Julie Pew and Randy Kohl in their official capacities, the clerk of the court is directed to complete summons forms and USM-285 forms for Defendant Julie Pew and Defendant Randy Kohl using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Amended Complaint, a copy of this Memorandum and Order, and a copy of the

---

[1] The court is aware that Plaintiff is no longer incarcerated (Filing No. 17), but this is of no consequence because he was incarcerated at the time that the summons were issued (Filing No. 15) and his pro se status continues (Filing No. 29).

Memorandum and Order dated October 19, 2015 (Filing No. 12), to the Marshals Service. The Marshals Service shall serve Defendants Julie Pew and Randy Kohl in their official capacities at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Reissue 2016).

3.  The clerk of the court is directed to obtain a current address for Defendant Julie Pew from the United States Marshals Service for service of process on Defendant Julie Pew in her individual capacity. Once such address is obtained, the clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Julie Pew using the address provided by the Marshals Service and forward them together with a copy of the Amended Complaint, a copy of this Memorandum and Order, and a copy of the Memorandum and Order dated October 19, 2015 (Filing No. 12), to the Marshals Service for service of process on Defendant Julie Pew in her individual capacity. The Marshals Service shall serve Defendant Julie Pew in her individual capacity using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

4.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5.  The clerk of the court is directed to file under seal any document containing the personal address for Defendant Julie Pew.

6.  The clerk of the court is directed to set the following pro se case management deadline: **May 22, 2017**: check for completion of service of process.

7. The clerk of the court is directed to add Julie A. Pew as a defendant in this matter.

8. The current Progression Order (Filing No. 27) is canceled in its entirety.

Dated this 22nd day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge